UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
MAR 18 2011
CLERK, US DISTRICT COURT
NEWPORT NEWS,

DONNA M. HARRAH,

    Plaintiff,

v.                           CIVIL ACTION NO. 4:11-cv-49

BANK OF AMERICA,
NATIONAL ASSOCIATION,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, **DONNA M. HARRAH** (hereafter the "Plaintiff"), by counsel, and for her Complaint against the Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, she states as follows:

### PRELIMINARY STATEMENT

1. This is a class action complaint prosecuted for the Defendant's violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.* The Defendant accepts and processes consumer credit applications, services existing credit accounts and participates in adverse actions against consumers. Despite this role, the Defendant does not send consumers lawful notices of adverse action as required under the ECOA.

### JURISDICTION

2. This complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1691e. Venue is proper as the Plaintiff resides in the Eastern District of Virginia, Newport News Division.

## PARTIES

3.     The Plaintiff to this lawsuit, Donna M. Harrah, is a natural person and is a "consumer" as defined by 15 U.S.C. §1681a(c).   Donna M. Harrah is an "applicant" for the purposes of the ECOA.

4.     The Defendant to this lawsuit, BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America") is a National Bank and is a "creditor" for purposes of the ECOA.

## FACTS

5.     At all times prior to May 13, 2010, Plaintiff was the maker and responsible party for a business credit card account with Defendant, Bank of America.

6.     At all times prior to May 13, 2010, Plaintiff was never late on the Bank of America account.

7.     On or about May 13, 2010, the Plaintiff received an adverse action notice from Bank of America with a statement of reason as follows:

"History of payments relative to balances are too low and amount of time elapsed since an account was delinquent in credit bureau report".

8.     This explanation is incorrect and inadequate. The adverse action notice that Bank of America mailed to the Plaintiff was confusing and failed to lawfully inform the Plaintiff of the accurate and complete basis or statement of reasons for the Bank of America adverse action.

9.     Plaintiff believes that Bank of America has provided the same inaccurate and insufficient adverse action notice to numerous consumers.

10.    Upon information and belief, Bank of America has no procedures in place to avoid

the violations of the ECOA as alleged in this complaint.

## CLASS ALLEGATIONS

11. Bank of America failed to provide an adequate statement of reasons for its adverse action to Plaintiff and the class members as required under the ECOA.

12. This action is brought as a class action on behalf of the following class of individuals:

(a) All persons who have current accounts with Bank of America within the preceding two years;

(b) to whom Bank of America did provide an ECOA adverse action notice with at least one of the following as its ECOA statute of reasons:

1. "History of payments relative to balances are too low".

2. "Amount of time elapsed since an account was delinquent in credit bureau report".

13. Upon information and belief, the Plaintiff alleges that the class of persons to be represented is so numerous that joinder of all members is impractical.

14. There are questions of law and fact common to the class and Plaintiff's claims are typical of the claims of all the potential class members. All are based on the same legal and remedial theories and the exact same denial letters.

15. Plaintiff will fairly and adequately protect the interest of the class. Plaintiff has retained counsel who is experienced in handling class actions and litigation under the Federal Consumer Credit Protection Act.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3

17. There is no impediment to certification of the classes to be represented.

### COUNT I – Equal Credit Opportunity Act

18. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 17 above as if fully set out herein.

19. The above-alleged actions and omissions of the Defendant violated the ECOA, 15 U.S.C. §1691(d).

20. The Defendant is liable to the Plaintiff and the putative class for actual damages, punitive damages of $10,000.00 per violation of the ECOA, or if certified, for $500,000.00, plus attorneys' fees and costs pursuant to 15 U.S.C. §1691e.

21. The Plaintiff and the putative class are entitled to declaratory and injunctive relief requiring the Defendant's compliance with the ECOA.

WHEREFORE, your Plaintiff moves for judgment for himself and on behalf of the defined class against the Defendant for actual, statutory and punitive damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

DONNA M. HARRAH

By _____
Of Counsel

Leonard A. Bennett
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com